IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROBERT ANTHONY DUNN,

    Petitioner,

vs.                               CIVIL ACTION NO.: CV214-087

SUZANNE E. HASTINGS, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Robert Dunn ("Dunn"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Dunn's petition should be **DENIED**.

## STATEMENT OF THE CASE

Dunn was convicted in the Middle District of Florida of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. Dunn was sentenced to 108 months' imprisonment, to be followed by 60 months' supervised release, on April 2, 2004. (Doc. No. 7-1, p. 16). Dunn's sentence was reduced to 70 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2) on July 3, 2008. (Id. at p. 23). Dunn completed his term of imprisonment on October 24, 2008,

and he was released from federal custody to commence his term of supervised release. (Id. at p. 25).

Dunn was arrested in Pasco County, Florida, on June 13, 2012, in case number CRC1204336CFAWS for driving on a suspended or revoked license. Dunn was released the next day on bond. (Id. at p. 28). On October 5, 2012, Dunn was arrested in New Port Richey, Florida, for trafficking in a controlled substance in case number CRC1207035FAWS and for burglary with assault or battery in case number CTC1208468MMAWS. (Id. at p. 29). A federal warrant and detainer were issued by the Middle District of Florida on November 2, 2012, for Dunn's violation of the conditions of his supervised released, as Dunn was still subject to his supervised release term. (Id. at pp. 32, 34–35).

Dunn was sentenced in Pasco County, Florida, on November 20, 2012, in case number CRC1204336CFAWS, to a six-month sentence. Dunn was given 48 days' credit, which consisted of credit for June 13 and 14, 2012 (his first state arrest), and from October 5, 2012 (his second state arrest), through November 19, 2012. (Doc. No. 7, p. 4). On January 15, 2013, Dunn received a 30-day sentence in case number CTC1208468MMAWS, and prosecution was declined in case number CRC1207035CFAWS. (Id. at pp. 4–5). Dunn satisfied his state sentence on March 2, 2013, and he was released to federal authorities.

The Middle District of Florida sentenced Dunn to 27 months' imprisonment for the supervised release violation on April 10, 2013. (Doc. No. 7-1, p. 43). The Bureau of Prisons ("BOP") credited Dunn with time he spent in custody from March 3, 2013, through April 9, 2013, as this time was not credited against any other sentence. Dunn

2

has a projected release date of February 16, 2015, via good conduct time release. (Id. at p. 11).

Dunn contends that the BOP has not awarded him with the appropriate amount of credit against his federal sentence. Dunn also contends that the BOP incorrectly denied his *nunc pro tunc* designation request, which would have allowed his federal and state sentences to run concurrently. Respondent asserts that Dunn has received all of the credit against his federal sentence to which he is entitled.

## DISCUSSION AND CITATION TO AUTHORITY

**I.  Sentence credit computation**

Dunn contends that his federal sentence should have commenced when he began his pre-trial detention. (Doc. No. 1, p. 7). Respondent asserts that Dunn already has received credit against his federal sentence for the time for which he seeks credit.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993); see also 18 U.S.C. § 3584(a). It is for a federal court to decide if an offender's federal sentence will run concurrently or consecutively to any state sentence the offender may face. See United States v. Andrews, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003). Additionally, "'if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas

3

corpus ad prosequendum is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693.

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). Section 3585 of Title 18 of the United States Code provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Dunn's federal sentence at issue began on April 10, 2013, the date he was sentenced in the Middle District of Florida. Section 3585(b) clearly states that, in some circumstances, a

defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Dunn completed his state sentence on March 2, 2013, and he was released to federal authorities on this date because of the outstanding detainer the United States Marshals Service lodged against him. Dunn was sentenced in federal court on April 10, 2013. Because Dunn was not credited with his time in detention from March 3, 2013, through April 9, 2013, the BOP awarded Dunn this time against his federal sentence. Contrary to Dunn's assertion, he is not entitled to any more credit against his federal sentence.

## II. *Nunc pro tunc* designation

The BOP shall designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). The BOP, in its "sound discretion", can "designate a state prison as a place of federal confinement *nunc pro tunc*." Roman v. Nash, 184 F. App'x 277, 279 (3d Cir. 2006) (citing Barden v. Keohane, 921 F. 2d 476, 481 (3d Cir. 1991)). In making this determination, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b).

The BOP's implementation of this statute is found at Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. This

5

Statement provides an inmate with the opportunity to request a *nunc pro tunc* designation based on an inmate's request for pre-sentence credit for time spent in service of a state sentence. (Doc. No. 7-1, p. 53). While the BOP must consider an inmate's request, the BOP has no obligation to grant the request "by designating a state institution retroactively as the place to serve the federal sentence." (Id. at p. 54). The BOP will gather and review certain information, such as the federal and state Judgments and Commitments, the state sentence data record to include jail credit, and "any other pertinent information" relating to the sentences. (Id. at p. 55) Under BOP Program Statement 5160.05, the Regional Directors are delegated the authority to designate a non-federal facility for concurrent service of a federal sentence and may make such a designation "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." (Id.).

The BOP considered Dunn's request for *nunc pro tunc* designation and denied the request. Dunn was informed that primary jurisdiction of his person was relinquished by Florida authorities on March 2, 2013, which was the date his state sentences expired and he was released to the custody of the United States Marshals Service. (Id. at p. 73). Dunn also was informed that he was sentenced in federal court on April 10, 2013, and that he received credit from March 3, 2013, through April 9, 2013, against his federal sentence. Dunn was informed further that his Florida sentences ended prior to the imposition of his federal sentence, and a *nunc pro tunc* designation to the State of Florida was not possible. (Id. at p. 74).

The BOP considered Dunn's request for *nunc pro tunc* designation as required by statute and as implemented as Program Statement 5160.05. The BOP's decision to

AO 72A
(Rev. 8/82)

deny Dunn's request falls within the BOP's discretion, and Dunn provides no reason why this Court should disturb the BOP's determination. Dunn is not entitled to his requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Dunn's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)